# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RICHARD MOLINARI,<br><br>    Plaintiff, on behalf of himself and a class of similarly situated individuals,<br><br>v.<br><br>FINANCIAL ASSET MANAGEMENT SYSTEMS, INC.,<br><br>    Defendant. | 1:18-cv-01526<br><br>Honorable Judge Sara L. Ellis |

## JOINT INITIAL STATUS REPORT

Pursuant to Fed. R. Civ. P. 26(f) and this Court's Case Management Procedures, the Parties jointly submit the following Initial Status Report.

**1.**    **The Nature of the Case**

    **A.**    **Parties:**

For Plaintiff
**James C. Vlahakis** (Lead Attorney)
**Ahmad T. Sulaiman**
**Omar T. Sulaiman**
**Mohammed Omar Badwan**
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
Telephone: 630-575-8181
Email: jvlahakis@sulaimanlaw.com
Email: ahmad.sulaiman@sulaimanlaw.com
Email: osulaiman@sulaimanlaw.com
Email: mbadwan@sulaimanlaw.com

For Defendant
**Nicole Strickler** (Lead Attorney)
**Stephanie A. Strickler**
Messer Strickler, Ltd.
225 West Washington Street, Suite 575
Chicago, Illinois 60606
Telephone: 312-334-3465
Email: sstrickler@messerstrickler.com
Email: nstrickler@messerstrickler.com

    **B.**    **Claims asserted:** Counts I and III of Plaintiff's Class Action Complaint ("CAC") are brought in Plaintiff's individual capacity and asserts violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C §227 *et seq.,* for Defendant allegedly calling Plaintiff's cellular telephone without his permission where Defendant

1

was attempted to recover monies owed by a different person ("Wrong Person Calls"). Plaintiff claims that Defendant violated the TCPA because the Wrong Person Calls were allegedly placed by some form of an automated telephone dialing system and because the calls allegedly contained prerecorded messages, that among other things, identified the wrong person by name. Counts II and IV of the ACA contain class action claims, alleging that Defendant violated the TCPA by allegedly making Wrong Person Calls to a nationwide class of similarly situated persons – persons like Plaintiff who are alleged to have received Wrong Person Calls - autodialed calls and/or prerecorded messages without the class members' consent. Count V of the ACA alleges that Defendant violated numerous provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.* by allegedly repeatedly making Wrong Person Calls to his cellular phone without his consent. Similarly, Count VI of the ACA alleges violations of the FDCPA on a class wide basis resulting from Defendant's alleged repeated placement of Wrong Person Calls to class members' cellular phones. Count VII of the ACA alleges that Defendants' alleged Wrong Person Calls to Plaintiff and Illinois residents violated the Illinois Consumer Fraud Act ("ICFA"), 815 ILCS 505/1 *et seq.*

**C.  Major legal issues:**   (1) whether Defendant called Plaintiff's and class members' cellular phones using an automated telephone dialing system as defined by the TCPA, the rulings and orders published by Federal Communications Commission ("FCC") and case law interpreting the TCPA and the FCC's rulings and orders; (2) whether Defendant placed Wrong Person Calls to Plaintiff's and class members' cellular phones seeking to collect monies allegedly owed by third-parties; (3) whether Defendant placed Wrong Person Calls to Plaintiff's and class members' cellular phones and utilized prerecorded messages seeking to collect monies allegedly owed by third-parties; (4) whether Defendant continued to call Plaintiff's and class members' cellular phones in

2

the manner set forth in subparagraphs 1-3 after Defendant was told to stop calling because of it was calling the wrong persons; (5) whether Defendant had consent to of Plaintiff and class members in the manner alleged in subparagraphs 1-3; and (6) whether Defendant's conduct violates the (i) TCPA, (ii) FDCPA and (iii) ICFA.

**D.     Relief sought:**  Plaintiff seeks statutory damages of up to $1,500.00 per call as provided under the TCPA, 47 U.S.C. §§ 227(b)(3)(B)&(C), statutory damages of up to $1,000.00 as provided under the FDCPA, 15 U.S.C. §1692k(a)(2)(A), actual damages as authorized by ICFA (815 ILCS 505/10a) and Section 1692k(a)(3) of the FDCPA, punitive damages pursuant to ICFA, declaratory and injunctive relief, and recoverable costs and reasonable attorney fees as authorized by Section 505/10a of ICFA and Section 1692k(a)(3) of the FDCPA.  Defendant does not seek any damages but seeks the dismissal of this case.

**2.     Jurisdiction**

**A.**     Subject matter jurisdiction pursuant to 47 U.S.C §227, 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

**B.**     Supplemental jurisdiction for ICFA claims pursuant to 28 U.S.C. §1367.

**3.     Status of Service**

The Defendant has been served and is represented by counsel.

**4.     Consent to Proceed Before a United States Magistrate Judge**

The Parties have advised their respective Clients about the ability to proceed before a Magistrate Judge. The Parties do not consent.

**5.     Motions**

As of the date of the submission of this Report, there are no pending motions before the Court.  Defendant's Responsive Pleading is due on April 26, 2018.

**6.     Case Plan**

**A.** With Defendant's Responsive Pleading being due on April 26, 2018, the parties' Mandatory Initial Discovery Pilot ("MIDP") responses are due May 25, 2018.

**B.    Discovery Plan**

1. The Parties anticipate written and oral discovery regarding Defendants' written policies and procedures and unwritten practices relative to: (a) the manner in which it obtains telephone numbers for debtors, including Plaintiff's number; (b) determining whether Defendants knows that a particular number belongs to a debtor; (c) the manner and method of placing telephone calls to debtors; (d) the telephone technology, data systems, prerecorded messages and opt-out mechanisms used by Defendant relative to placing telephone calls to debtors; and (e) how Defendant documents and responds to reported Wrong Number Calls. Additional discovery issues may involve: whether Defendant had consent to call Plaintiff and the putative class members; whether Defendants' telephone system violates the TCPA; whether putative class members ascertainable through Defendants' records, third-party records and commercially available databases and search tools; the measure damages incurred by Plaintiff and the putative class members; and Defendant's net-worth for purposes of FDCPA based damages cap.

2. This case is not exempt from MIDP.

3. Issue written discovery on or after April 27, 2018.

4. Fact discovery completed by August 31, 2018.

5. Plaintiff to issue expert report(s) 28 days after the proposed close of fact discovery – September 28, 2018; Defendant to issue expert report(s) 28 days thereafter – October 26, 2018; Plaintiff's rebuttal report(s) if any – 21 days after the service of Defendants' report(s); and depositions completed by December 7, 2018.

6. Final Supplement MIDP responses by July 13, 2018.

7. If no expert discovery is undertaken, dispositive motions by October 12, 2018. If expert discovery is undertaken, dispositive motions by January 11, 2019.

    **C.**     **Trial**

        1. Plaintiff has demanded a jury trial.

        2. Five days inclusive of jury selection.

**7.**     **Status of Settlement Discussion**

    A. Settlement discussions have not taken place.

    B. Not applicable at this time.

    C. Plaintiff desires a settlement conference. At this time, Defendant does not.

Dated: April 20, 2018

| | |
|---|---|
| RICHARD MOLINARI<br>on behalf of himself and a class of<br>similarly situated individuals | FINANCIAL ASSET MANAGEMENT<br>SYSTEMS, INC. |
| s/ James C. Vlahakis<br>James C. Vlahakis<br>Sulaiman Law Group, Ltd. | s/ Stephanie Strickler<br>Stephanie Strickler<br>Messer Strickler, Ltd. |