IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD MOLINARI, Plaintiff, on behalf Of himself and a class of similarly situated individuals,<br><br>    Plaintiff,<br>vs.<br><br>FINANCIAL ASSET MANAGEMENT SYSTEMS, INC.,<br><br>    Defendant. | Civil Action File No.<br>1:18-cv-01526 |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES**

COMES NOW, Financial Asset Management Systems, Inc., (hereinafter, "Defendant"), Defendant in the above-styled civil action, by and through its undersigned counsel, and responds to Plaintiff's First Set of Interrogatories as follows:

**OBJECTION**

Plaintiff defines "YOU," "YOUR" and "FAMS" as the "named Defendant, and any of its employees, principals, clients, customers, officers, representatives, agents, vendors, third party contractors, and/or assigns." Defendant objects to this definition as it does not have knowledge to exactly what its clients, customer, agents, vendors and/or third party contractors did or did not do. Defendant does not have any "assigns." When Defendant responds to any request regarding "YOU" it is only responding as to Defendant, its employees, principals and representative.

- 1 -

**RESPONSES**

1. Explain how and/or where YOU obtained telephone number 708-228-8132. YOUR answer should identify all facts, documents, events and witnesses and witness statements that YOU contend support YOUR answer.

    **ANSWER**: Defendant obtained telephone number 708-228-8132 from LexisNexis. This is notated in Defendant's account notes which have been produced. Anne Gonzales and Howard Friedman would be witnesses. They are current employees of Defendant and may only be contacted through counsel.

2. Do YOU contend that telephone number 708-228-8132 belonged to Nicolette E. Campbell? If YOU answer "yes," identify all facts, documents, events and witnesses and witness statements that YOU contend support YOUR answer.

    **ANSWER**: Yes. Defendant obtained telephone number 708-228-8132 from LexisNexis as a telephone number for Nicolette E. Campbell. This is notated in Defendant's account notes which have been produced. Anne Gonzales and Howard Friedman would be witnesses. They are current employees of Defendant and may only be contacted through counsel.

3. Did YOU scrub 708-228-8132 to see if it was a cellular telephone number before YOU called it? If YOU answer "yes," identify all facts, documents, events and witnesses and witness statements that YOU contend support YOUR answer.

    **ANSWER**: Yes. This is notated in Defendant's account notes which have been produced. Howard Friedman would be a witness. He is a current employee of Defendant and may only be contacted through counsel.

4. Do YOU contend that telephone number 708-228-8132 belonged to Nicolette E. Campbell? If YOU answer "yes," identify all facts, documents, events and witnesses and witness statements that YOU contend support YOUR answer.

**ANSWER:** Yes. Defendant obtained telephone number 708-228-8132 from LexisNexis as a telephone number for Nicolette E. Campbell. This is notated in Defendant's account notes which have been produced. Anne Gonzales and Howard Friedman would be witnesses. They are current employees of Defendant and may only be contacted through counsel.

5. Did YOU manually dialed 708-228-8132 to confirm that this was a valid contact number for Nicolette E. Campbell? If YOU answer "yes," identify all facts, documents, events and witnesses and witness statements that YOU contend support YOUR answer.

**ANSWER**: Yes. Defendant never had any live communication with anyone when it dialed 708-228-8132. This is notated in Defendant's account notes which have been produced. Anne Gonzales would be a witness. She is a current employee of Defendant and may only be contacted through counsel.

6. Did YOU do anything to confirm that 708-228-8132 was or is a valid contact number for Nicolette E. Campbell? If YOU answer "yes," identify all facts, documents, events and witnesses and witness statements that YOU contend support YOUR answer.

**ANSWER**: Yes. Defendant obtained telephone number 708-228-8132 from LexisNexis as a telephone number for Nicolette E. Campbell. Anne Gonzales and Howard Friedman would be witnesses. They are current employees of Defendant and may only be contacted through counsel.

7. Do YOU claim that YOU called 708-228-8132 and that an employee or agent of YOUR actually spoke to Nicolette E. Campbell? If YOU answer "yes," identify all facts, documents, events and witnesses and witness statements that YOU contend support YOUR answer.

**ANSWER:** No.

8. Do YOU train or instruct YOUR employees and/or agents to document when they are told that they are speaking with a person who is not the debtor, for example where the person answering a phone call placed by YOU states that he/she is not the person YOU are trying to reach (a so-called "wrong person" call)? If YOU answer "yes," identify all facts, documents, events and witnesses and witness statements that support YOUR answer, including what YOU train employees and/or agents to do when they are informed by the person answering a call that he/she is the "wrong person" or words to that effect.

**ANSWER**: Yes. Pursuant to Fed. R. Civ. P 33(d), Defendant intends to produce business records in response to Interrogatory No. 8. Please find documents attached hereto. Anne Gonzales would be a witness. She is a current employee of Defendant and may only be contacted through counsel.

9. Do YOU train or instruct YOUR employees and/or agents to document when they are told that they are speaking with a person who is not the debtor (a so-called "wrong person" call) by inputting a specific set of words, codes or abbreviations to document the so-called "wrong person" report? If YOU answer "yes," identify all facts, documents, events and witnesses and witness statements that support YOUR answer, including the specific set of words, codes or abbreviations that YOU instruct employees and/or agents to use when they are informed by the person answering a call that he/she is the "wrong person" or words to that effect.

**ANSWER**: No.

10. Identify the total number of calls that YOU placed to telephone number 708-228-8132. If YOUR records break down the number of calls by the manner in which the call was placed, or through some type of result code or classification, use the same breakdown.

**ANSWER**: Defendant called 708-228-8132 101 times using the LiveVox HCI system.

11. Identify the total number of prerecorded messages YOU placed to telephone number 708-228-8132. If YOU utilized different messages at different time periods, breakdown the total number of messages by the number of distinct messages. For example, if YOU left a total of 100 prerecorded messages, so indicate. But if YOU left 50 of one type of message and 25 for two other distinct messages, YOUR answer should read as follows: "100 total messages, broken down as 50 of message type A, 25 of message type B, and 25 of message type C."

**ANSWER**: Zero.

12. Identify the total number of prerecorded messages that YOU placed on other cellular telephone number numbers on the same day YOUR records show that YOU left a prerecorded message on the voicemail of 708-228-8132.

**ANSWER**: Zero.

13. Identify the total number of incidents from November 1, 2013 to the present where YOUR records show that a person answering a phone call placed by told an employee and/or agent that he/she was not the person YOU were trying to reach. YOUR answer can and should identify the time, date and the total number of reports of wrong number and/or wrong person calls by searching whatever designated words, alpha or numeric codes or abbreviations YOU utilize to document wrong person or wrong number calls.

**ANSWER**: Defendant objects to Plaintiff's Interrogatory No. 13 on the basis that it seeks information or documents which are not relevant to any party's claim or defense and is not

proportional to the needs of the case. Defendant further objects on the basis that it is unclear as to what Plaintiff is requesting as words are missing from this Interrogatory which would impact how Defendant responds to the Interrogatory.

14. With regard to the time, date and total number of wrong number and/or wrong person calls that YOU list in response to the above Interrogatory, identify the telephone number that was called where the person answering the phone said that YOU were calling the wrong person or wrong number.

**ANSWER**: Defendant objects to Plaintiff's Interrogatory No. 14 on the basis that it seeks information or documents which are not relevant to any party's claim or defense and is not proportional to the needs of the case. Defendant further objects on the basis that it is unclear as to what Plaintiff is requesting as words are missing from the Interrogatory No. 13 which would impact how Defendant responds to this Interrogatory.

15. With regard to the telephone numbers that YOU list in response to the above Interrogatory, identify the number of prerecorded messages that were played or left on each specific telephone number if these numbers were called after YOUR records document that the person answering the phone said that YOU were calling the wrong person or wrong number.

**ANSWER**:   Defendant objects to Plaintiff's Interrogatory No. 15 on the basis that it seeks information or documents which are not relevant to any party's claim or defense and is not proportional to the needs of the case. Defendant further objects on the basis that it is unclear as to what Plaintiff is requesting as words are missing from the Interrogatory No. 13 which would impact how Defendant responds to this Interrogatory.

16. Do YOU contend that YOU are entitled to assert a bona fide error defense? If YOU answer "yes", identify all facts, documents, events and witnesses and witness states that YOU contend support your answer.

**ANSWER**: Yes. Pursuant to Fed. R. Civ. P 33(d), Defendant intends to produce business records in response to Interrogatory No. 8. Please find documents attached hereto. Anne Gonzales would be a witness. She is a current employee of Defendant and may only be contacted through counsel.

17. Do YOU contend that Plaintiff's claims are subject to arbitration? If YOU answer "yes", identify all facts, documents, events and witnesses and witness statements that YOU contend support YOUR answer.

**ANSWER**: No.

18. Do YOU contend that Plaintiff lacks standing and/or that he has not suffered any cognizable injuries? If YOU answer "yes", identify all facts, documents, events and witnesses and witness statements that YOU contend support YOUR answer.

**ANSWER**: Yes. Discovery is still on-going and Defendant will amend this response.

19. Do YOU contend that Plaintiff brought his claims in bad faith and for harassment.? If YOU answer "yes", identify all facts, documents, events and witnesses and witness statements that YOU contend support YOUR answer.

**ANSWER:** Yes. Discovery is still on-going. Upon information and belief, currently and at the time the suit was filed Plaintiff did not possess phone records or a call log of the calls identified in the Complaint.

20. Do YOU utilize technology to identify when YOU place a call that triggers or activates the answering machine or voicemail of the number YOU are trying to call? If YOU answer "yes",

identify the maker of the technology, and answer whether the technology can be programmed to not leave a prerecorded message when the technology detects an answering machine or voicemail?

**ANSWER**: Defendant objects to Plaintiff's Interrogatory No. 20 on the basis that it is vague and not sufficiently specific. Defendant is unclear as to what Plaintiff is asking; therefore, it is unable to provide a response.

21. Do YOU utilize technology to determine the whether the name left on the outbound message on an answering machine or voicemail matches the name of the person YOU are trying to call? If YOU answer "no", explain why YOU do not utilize technology to determine the whether the name left on the outbound message on an answering machine or voicemail matches the name of the person YOU are trying to call.

**ANSWER**: Defendant objects to Plaintiff's Interrogatory No. 20 on the basis that it is vague and not sufficiently specific. Defendant is unclear as to what Plaintiff is asking, therefore, it is unable to provide a response.

22. Do YOU contend that it is lawful to leave prerecorded messages on the answering machine or voicemail of the number YOU are trying to call? If YOU answer "yes," identify all facts, documents, events and witnesses and witness statements that YOU contend support YOUR answer.

**ANSWER**: Defendant objects to Plaintiff's Interrogatory No. 22 on the basis that it seeks information or documents which are not relevant to any party's claim or defense and is not proportional to the needs of the case. Plaintiff has not alleged or articulated how a prerecorded message allegedly violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., other than to allege violating the Telephone Consumer Protection Act ("TCPA"), 47

U.S.C. § 227 et seq., also violates the FDCPA. Defendant further objects on the basis that it calls for Defendant to state a legal conclusion. Defendant further objects on the basis that it requests information protected by attorney client privilege. Subject to and without waiving the foregoing objections Defendant provides the following response: Yes. Defendant did not make a call to a telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

23. Explain why you do not utilize YOUR full legal name in the prerecorded message that you left on the voice mail for telephone number 708-228-8132.

**ANSWER**: Defendant objects to Plaintiff's Interrogatory No. 23 on the basis that it seeks information that is not relevant to any party's claim or defense and is not proportionate to the needs of the case. Such a claim is not included in Plaintiff's Complaint.

Respectfully submitted, this 26th day of July, 2018.

By:/s/Nicole M. Strickler  
Nicole M. Strickler  
Messer Strickler, Ltd.  
225 W. Washington, Suite 575  
Chicago, Illinois 60606  
nstrickler@messerstrickler.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have this date served all parties of record with a copy of the foregoing Defendant's Response to Plaintiff's First Set of Interrogatories by depositing a copy of same in the United States Mail, with first-class postage affixed thereto, properly addressed as follows:

James Vlahaskis
Mohammed O. Badwan
Ahmad T. Sulaiman
Eric D. Coleman
Omar T. Sulaiman
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue
Suite 200
Lombard, IL 60148

      Respectfully submitted, this 26rd day of July, 2018.

                                        By:/s/Nicole M. Strickler
                                        Nicole M. Strickler
                                        Messer Strickler, Ltd.
                                        225 W. Washington, Suite 575
                                        Chicago, Illinois 60606
                                        nstrickler@messerstrickler.com