**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| RICHARD MOLINARI, | |
| Plaintiff, on behalf of himself and a class of Similarly situated individuals, | |
| v. | Case No.: 1:18-cv-01526 |
| FINANCIAL ASSET MANAGEMENT SYSTEMS, INC., | Honorable Judge Sara L. Ellis |
| Defendant. | |

**COMBINED MOTION TO (A) SEEK A COURT RULING ON DEFENDANT'S MOTION FOR LEAVE TO FILE RESPONSE IN EXCESS OF PAGE LIMIT AND PLAINTIFF'S (B) MOTION TO EXTEND FILING DATE OF REPLY IN SUPPORT OF HIS MOTION FOR CLASS CERTIFICATION AND FOR LEAVE TO FILE A REPLY IN EXCESS OF 15 PAGES**

Now Comes RICHARD MOLINARI ("Plaintiff"), by and through his attorney, James C. Vlahakis, and moves this Court for the entry of an order extending the time to file his Reply in support of his Motion for Class Certification by one week and for leave to file excess pages:

**I. Introduction**

1.      Plaintiff filed his Memorandum of Law in Support of his Motion for Class Certification on October 9, 2019. Dkt. 52.

2.      On November 19, 2019, Defendant FINANCIAL ASSET MANAGEMENT SYSTEMS, INC. ("FAMS") filed a "Motion to File Response in Excess of Page Limit". Dkt. 56 ("Motion for Leave"). FAMS's Motion for Leave claimed that "Plaintiff filed his 17-page memorandum in support of class

certification on October 9th, 2019." Technically speaking, FAMS's Motion for Leave was incorrect. Plaintiff's Memorandum is not 17 pages long unless, the Court counts Plaintiff's Certificate of Service, Plaintiff's counsel's signature block and the Memorandum's four (4) line "Wherefore" clause.

3.      FAMS's Motion for Leave asked for leave to file a response of up to twenty-five (25) pages on the sole basis that "[t]his matter is a complex, class action filed under the Telephone Consumer Protection Act." Without obtaining leave of Court to do so, FAMS filed its over-sized Response on the same day if filed its Motion for Leave. Dkt. 57. Rounded down, FAMS's Response amounts to twenty-one and a third pages, not including, defense counsel's signature block, the Response's conclusion and the certificate of service.

4.      FAMS's Motion for Leave did not contain a "notice of presentment" as required by Local Rule 5.3(b). Here is what Local Rule 5.3(b) provides in full:

> **(b) Presentment.** Every motion or objection shall be accompanied by a notice of presentment specifying the date and time on which, and judge before whom, the motion or objection is to be presented. The date of presentment shall be not more than 14 days following the date on which the motion or objection is delivered to the court pursuant to LR78.1.

5.      Local Rule 78.2 provides that where a moving party files a motion "*without* the notice required by LR5.3(b) *and fails to serve notice of the date of presentment within 14 days of delivering the copy of the motion . . .* to the court as provided by LR5.4, the court may on its own initiative deny the motion[.]" (Emphasis supplied).

2

6. Technically speaking, FAMS's failure to abide by Local Rules 5.3(b) and 78.2 and its filing of its oversized Response without leave of court supports the denial of its Motion for Leave and the striking of FAMS's Response.[1]

**II. Argument**

7. Defendant failed to properly notice up its Motion for Leave as required by Local Rules 5.3(b) and 78.2. Additionally, without leave of court, FAMS filed an oversized response. Technically speaking, this Court can and should strike Defendant's over-sized Response, which was filed without leave of court. Notably, without leave of court, FAMS's Response contains over four and a half pages of argument attacking the adequacy of the of the proposed class counsel.

8. By operation of the Court's minute order dated November 6, 2019, Plaintiff is required to file his Reply in Support of his Motion for Class Certification by December 10, 2019. Dkt. 55. Since leave was not granted to file an oversized brief, Plaintiff should not be required to submit a Reply to an unsanctioned Response.

9. While Plaintiff is always willing to extend professional courtesies, Plaintiff is unwilling to presume that this Honorable Court will grant a motion for leave to file excess pages where the motion was never properly presented to the Court. Plaintiff is also taking into consideration the fact that FAMS's twenty-

---

[1] FAMS did not file its twenty-two (22) page Response as an exhibit to its Motion for Leave. Instead, FAMS took it upon itself to file its Response as a freestanding document.

two (22) page Response raise numerous strawman and red herring arguments –
in addition to a baseless response to proposed class counsel's qualifications.

10.    If this Court is inclined overlook FAMS's violation of Local Rules
5.3(b) and 78.2 and grant Defendant leave to file its oversized Response, Plaintiff
requests that he be given seven (7) business days from the issuance of any such
minute order. Plaintiff seeks this additional time because of time taken off during
the week of Thanksgiving and because of unrelated deadlines.

11.    Should this Court grant FAMS's Motion for Leave, Plaintiff seeks a
similar amount of pages, up to twenty-two (22) to file his Reply.

WHEREFORE, Plaintiff respectfully request that this Honorable Court strike
Defendant's unsanctioned Response and require Defendant to file a shorter brief.
Alternatively, if this Court is willing to overlook FAMS's violation of Local Rules 5.3(b)
and 78.2, and grant Defendant leave to file its oversized Response, Plaintiff requests
that he be given seven (7) business days from the issuance of any such minute order to
file his Reply and to be given up to twenty-two (22) pages.

Respectfully submitted,

s/ James C. Vlahakis
James C. Vlahakis, Esq.
Counsel for Plaintiff
2500 S Highland Ave, Suite 200
Lombard, Illinois 60148
(630) 575-8181 (phone)
jvlahakis@sulaimanlaw.com

4

**CERTIFICATE OF SERVICE**

I, James C. Vlahakis, an attorney, hereby certifies that on December 9, 2019, the foregoing Motion was filed with the Clerk of the Court of the United States District Court for the Northern District of Illinois by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ James C. Vlahakis

James C. Vlahakis, Esq.
Counsel for Plaintiff
2500 S Highland Ave, Suite 200
Lombard, Illinois 60523
630-575-8181
jvlahakis@sulaimanlaw.com