**THIS IS A NOTICE OF A SETTLEMENT OF A CLASS ACTION LAWSUIT.**
**THIS IS <u>NOT</u> A NOTICE OF A LAWSUIT AGAINST YOU.**

This Notice is being sent to you because a Court granted preliminary approval of a proposed class action settlement in the case of RICHARD MOLINARI, on behalf of himself and a class of similarly situated individuals and against FINANCIAL ASSET MANAGEMENT SYSTEMS, INC. (known together as "the Parties"), Case no. 18-cv-01526 (filed in the United States District Court for the Northern District of Illinois).

**If you received pre-recorded messages from a debt collector named Financial Asset Management Systems, Inc. where the pre-recorded messages used the name "FAMS", you may benefit from this proposed class action settlement.**

*This is not a solicitation from a lawyer.*

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

| | |
|---|---|
| COMPLETE A CLAIM FORM TO RECEIVE A PORTION OF SETTLEMENT PROCEEDS | If you wish to receive a portion of the class settlement proceeds, you must complete and return the claim form on or before [60 days from mailing of notice]. |
| EXCLUDE YOURSELF | You will receive no benefits, but you will retain your legal claims, if any, against the Defendant. |
| OBJECT | Write to the Court explaining why you don't like the settlement. You may also appear at the fairness hearing. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the settlement. |

**1.      What is the Litigation about?**

This Litigation was filed against Defendant Financial Asset Management Systems, Inc. ("FAMS") where the Complaint asserted violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* ("TCPA") and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq.* ("FDCPA") and the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") 815 ILCS 505/1, *et seq.*, resulting from FAMS's causing pre-recorded messages to be sent to certain Illinois based cellular telephone numbers. Two of the messages received by Plaintiff Richard Molinari stated the following:

- Hello, this is FAMS, a debt collector. This is an attempt to collect a debt. Our records indicate that we have not yet received one or more payments necessary to continue the reduced interest program. We are happy to assist with any questions you may have in this process. Please call us at 866-330-2703. Again that number is 866-330-2703. Thank you.

- Hello this is FAMS, a debt collector, this is an attempt to collect a debt. Please call us at 866-330-2703. Again that number is 866-330-2703. Thank you.

Section 227(b)(1)(A)(iii) of the TCPA prohibits any person from calling a cell phone number "using an automatic telephone dialing system or an artificial or prerecorded voice. Plaintiff has also alleged contends that FAMS's use of its shortened name violates § 1692e(14) of the FDCPA which requires debt collectors to utilize their full legal names.

**2.      Why did you get this Notice?**

You are receiving this Notice because you were identified by Defendant/FAMS as someone who may have received a pre-recorded message from FAMS in potential violation of the TCPA and FDCPA. For settlement purposes, the Court has defined Class Members as follows:

- a **TCPA Settlement Class** consisting of:

  All persons who were sent pre-recorded messages to Illinois based cellular telephone numbers according to the records maintained by Defendant and its Vendor VoApps, Inc. (between November 17, 2015 and

1

December 4, 2017) where the pre-recorded messages were "successfully" delivered in an attempt to collect a consumer debt.

- a **FDCPA Settlement Class** consisting of:

  All persons who were sent pre-recorded messages to Illinois based cellular telephone numbers according to the records maintained by Defendant and its Vendor VoApps, Inc. (between December 4, 2016 and December 4, 2017) where the pre-recorded messages were "successfully" sent in an attempt to collect a consumer debt where the pre-recorded messages utilized Defendant's truncated name, "FAMS" rather than its full legal name.

For the purposes of this Notice, persons potentially included in both proposed classes will be referred to as "Class Members".

### 3.    Why is this a class action?

In a class action, one or more persons, called a "Class Representative" (in this case, Plaintiff Richard Molinari), sued Defendant/FAMS on behalf of people (proposed "Class Members") who received similar pre-recorded messages.  All of these people together are a referred to as "Class Members."  The Court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

### 4.    Why is there a settlement?

Plaintiffs, on the one hand, and Defendant, on the other have agreed to settle the Litigation to avoid the time, risk, and expense of defending the Litigation, and to achieve a final resolution of the disputed claims. Under the proposed settlement, Class Members will have the opportunity to obtain a payment in full settlement of the claims raised in the Litigation. The Class Representatives and their attorneys, who are experienced consumer and class action attorneys, think the settlement is best for all Class Members.

### 5.    How do the Parties know if I was contacted by FAMS?

You received this notice because Defendant's records identified you as a Class Member because Defendant's records show "successfully" delivered pre-recorded messages to your cellular phone number.  Defendant's records suggest that you might be a Class Member of the proposed Class Action Settlement that the Court has certified for settlement purposes.

### 6.    What does the Class Action Settlement provide?

Defendant has agreed to establish a Settlement Fund of (1) $385,000 to compensate Class Members, Plaintiff Richard Molinari and Class Counsel. Proceeds of the Settlement Fund will be distributed to each Class Member who submits an on-line claim form or the attached claim form, by the deadline stated below, subject to validation of the claim forms by an independent third-party claims administrator.

Defendant has also agreed and/or will not oppose using part of the Settlement Fund to Compensate Plaintiff for his service as a Class Representative and to compensate him for Defendant's alleged violations of the TCPA and the FDCPA. The amount to be awarded to the Plaintiff is subject to Court approval.

Also in addition to the Settlement Fund, and *subject to approval by the Court,* Defendants will pay to Plaintiffs' counsel the sum of up to 1/3rd ($127,050) of the Settlement Funds to reimburse Class Counsel for the attorney's fees and costs her incurred with respect to the Plaintiffs and the Class' claims.

### 7.    How am I able to receive a portion of the Settlement Fund?

If you wish to claim your share of the Settlement Fund you must submit a claim form that is referenced in this Notice. In order to receive a settlement check, you must complete and mail the claim form attached hereto or submit and on-line claim form. The Parties are proposing two methods of providing settlement funds to Class Members, the first involves a **TCPA Settlement Fund** and the second involves an **FDCPA Settlement Fund**. Each Fund is described below.

With regard to the proposed **TCPA Settlement Fund**, the TCPA is a federal statute that provides for a recovery of $500 for each TCPA violation that can be proven by a plaintiff. A court, in its discretion, may award between $501 and up to $1,500 for willful violations of the TCPA.  If you submit a valid and timely claim form for the proposed **TCPA Settlement Fund**, you will receive a share of the Settlement Fund that is related to how many "successfully" delivered pre-recorded messages were sent to the voice-mail box of your cellular telephone. Here, Defendant disputes that its pre-recorded messages violated the TCPA because Defendant claims that it did not initial a "call" to the cellphone numbers in question. Rather, Defendant claims that it used third-party technology that "drops" pre-recorded messages into the voice-box associated with a particular cellular telephone number. Based, in part on this defense, Defendant contends that the calls do not fall under the TCPA and there is no liability. Defendant's records identify how many "successfully" transmitted pre-recorded messages were sent to the voice-mail box of your cellular telephone. The exact amount that each Class Member will receive will depend upon the number of Class Members that submit claim forms. The Parties believe that 16,352 "successfully" delivered pre-recorded

2

messages sent to 1,419 distinct cellular phone numbers between November 17, 2015 and December 4, 2017. The proposed **TCPA Settlement Fund**, would involve a settlement fund of $233,500. Based on the TCPA Class fund, it is not possible to provide each Class Member with the full statutory award of $500 per call. If each class member submitted a claim, then each class member would recover $14.27 per call. However, each class member who submits an approved claim will be entitled to $500 per successfully delivered message unless the total of such payments would exceed the $233,500 cap on the fund total. If the cap is met, then TCPA class members with approved claims will be entitled to a *pro rata* share of the fund based on the number of successfully delivered messages they received. Counsel, however, anticipate that not every Class Members will submit a claim form and that other cases suggest that less than 10% of class members will submit claims. Counsel estimate that the average number of "successfully" delivered pre-recorded messages to Class Members are six (6) messages. If 10% of Class Members (141 persons) submit valid claim forms, and they each received six (6) messages (846 messages) each Class Member who submits a valid claim form could theoretically receive up to $276 in compensation for each "successfully" delivered pre-recorded message.

With regard to the proposed **FDCPA Settlement Fund**, he FDCPA is a federal statute which provides for both individual actions and class actions. In an individual action, the person bringing the suit may recover (i) any actual damages sustained as a result of the alleged violation; and (ii) statutory damages of between $0 and $1,000.00. In a class action, the maximum possible recovery is (i) any actual damages sustained as a result of the alleged violation by the class members and (ii) the lesser of 1% of Defendants' net worth or $500,000.00 (whichever is less). The Court, in its discretion, may award anything up to the maximum amount to a prevailing party. The Parties represent that $10,000.00 is more than 1% of FAMS's net worth, therefore, it exceeds the maximum class recovery for a FDCPA class. The FDCPA Settlement Fund would share $10,000.00. If you submit a valid and timely claim form, the Administrator shall identify the total number of valid claims submitted by members of the *FDCPA Settlement Class* and award a pro rata share of the $10,000 to each Class Member who has submitted a valid claim. Under no circumstance shall any single Class Member receive more than $1,000 for recovery under the *FDCPA Settlement Class.* Unlike the TCPA recovery, the FDCPA recovery will pay the same amount to each Class Member who submits a valid claim. Because the proposed Settlement Fund far exceeds the maximum recovery that would be allowed by the FDCPA if this Litigation went to trial, Class Counsel believes that the Settlement is a fair and reasonable settlement.

You may submit an online claim form located at www.FAMStextmessageclassaction/claimform.com or you may fill out the form included at the end of this document.

**8.     When will I be paid?**

You will receive these benefits approximately 45 days after the Court enters a Final Approval Order. This estimation is premised on the assumption that no objections are received.

**9.     What rights am I giving up if I submit a claim form to receive a portion of the proposed Settlement Funds?**

Unless you exclude yourself from this settlement, all of the Court's orders will apply to you, and you give Defendant a release of claims. A release of claims means you cannot sue Defendant for any of the claims or issues involved in this Litigation. This description of the effect of a "release of claims" is in general terms and does list the full release language that is contained in the Settlement Agreement signed by Plaintiff and Defendant. For a complete statement of all the contentions, proceedings and settlement terms in this case, you should consult the files relating to the Litigation, which are available for your inspection at the Clerk of the United States District Court for the Northern District of Illinois, 219 S. Dearborn Street, 20th Floor, Chicago, Illinois, 60604.

**10.     You may exclude yourself from the proposed settlement.**

If you do not want to receive the benefits of the settlement but you want to keep your legal claims against Defendant, then you must take steps to *exclude yourself* from this proposed settlement. To exclude yourself from the Settlement, you must send a letter which states:

> I hereby exclude myself from the proposed settlement in the case of <u>Richard Molinari vs. Financial Asset Management Systems, Inc.</u>, no. 18-cv-01526 (N.D. Ill.).

**Be sure to include your name, address, telephone number, and your signature**. You must mail your exclusion request so that it is postmarked no later than <mark>December – ,2021 [or January -- 2022]</mark> to:

KCC
PO Box 43501
Providence RI 02940-3501

Alternatively, you may submit an exclusion request by filling out the information located at www.FAMStextmessageclassaction/exclusionform.com

**If you exclude yourself you will NOT receive a portion of the Settlement Funds**

Further, if you exclude yourself, the time you have in which to file your own lawsuit (called the "statute of limitations") will begin to run again.

**11.  Who represents the rights of class members?**

You are a potential Class Member in this Litigation. The Court has named the attorney James C. Vlahakis as provisional Class Counsel.  You will not be charged Mr. Vlahakis' services. If you want to be represented by your own lawyer, you may hire one at your own expense.

If you choose to hire your own lawyer, he or she must file an appearance by ____, 2022 [5 days prior to fairness hearing].

**12.  What can you do if you do want the Court to approve the proposed settlement?**

You can tell the Court that you do not agree with the settlement or some part of it, by filing an "objection."  In order to object to the settlement or any part of the settlement, you must send a letter stating that you object and the reasons why you think the Court should not approve the settlement. You must include the case: your name, address, telephone number, and signature and include the case name:

  <u>Richard Molinari vs. Financial Asset Management Systems, Inc.</u>, no. 18-cv-01526 (N.D. Ill.).

If you plan to object to the settlement, you may also appear at the fairness hearing (explained below in Paragraph 14).  You must mail your objection so that it is postmarked no later than [insert date] to:

  Clerk of the Court,
  United States District Court for the Northern District of Illinois,
  219 South Dearborn Street,
  Chicago, IL 60604

**You must also mail or email a copy of your objection to these attorneys**:

| **Class Counsel** | **Counsel for Defendant** |
|---|---|
| James C. Vlahakis | Jonathan K. Aust |
| Sulaiman Law Group, Ltd. | Bedard Law Group, P.C. |
| 2500 South Highland Ave., Suite 200 | 4855 River Green Parkway, Suite 310 |
| Lombard, Illinois 60148 | Duluth, Georgia 30096 |
| jvlahakis@sulaimanlaw.com | jaust@bedardlawgroup.com |

**13.  What happens if you do nothing?**

If you do nothing, you will not receive any portion of the Settlement Fund.  Unless you exclude yourself from the settlement, you will not be able to sue or Defendant over the released claims.

**14.  When and where will the Court decide whether to approve the settlement?**

The Court will hold a hearing to decide whether to approve the settlement ("Final Fairness Hearing") on _____, 2022, at _____ a.m./p.m.  You may attend if you wish, but you are not required to do so.  The hearing will be held before the **Honorable Sara L. Ellis in Courtroom 1403** of the United States District Court for the Northern District of Illinois, located at the Everett McKinley Dirksen United States Courthouse, **219 South Dearborn Street, Chicago, IL 60604**.

At the Final Fairness Hearing the Court will consider whether the proposed settlement is fair, reasonable, and adequate and, if so, whether it should be granted final approval.  The Court will hear objections to the settlement, if any.  The Court may decide, postpone, or continue the hearing.

YOU ARE <u>NOT</u> REQUIRED TO ATTEND THIS HEARING TO BENEFIT FROM THIS SETTLEMENT. The hearing may be postponed to a later date without notice.

**15.  What will happen if the Court does not approve the settlement?**

If the Court does not approve the settlement, or if the settlement does not become final for some reason, you will receive no benefits from the Settlement and the case will continue or be dismissed.

**16.  This notice is only a summary of the proposed settlement of the Litigation.**

All pleadings and documents filed in Court, including the Class Action Settlement Agreement, may be reviewed or copied in the Clerk of Court, United States District Court for the Northern District of Illinois, Eastern Division.  Please do not call the Judge about this case. Neither the Judge, nor the Clerk of Court, will be able to give you advice about this case.

**17.   If you want to receive additional information contact provisional Class Counsel at:**

James C. Vlahakis
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
jvlahakis@sulaimanlaw.com

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

## CLAIM FORM

I certify that before filing out this Claim From that I read or had the opportunity to read the Notice attached to this Claim Form which detail a proposed class action settlement and/or I have read or had the opportunity to read the Long-Form Notice hosted as www.FAMStextmessageclassaction.com com

With regard to the proposed settlement in the case of <u>Richard Molinari vs. Financial Asset Management Systems, Inc.</u>, no. 18-cv-01526 (N.D. Ill.), I hereby make a claim for my share of the settlement in the above-captioned case.

I further certify under penalty of perjury that I was the subscriber, owner or primary user of the below listed cellular telephone number during one or more of the following years, 2015, 2016 and/or 2017.

X_____ (<-- sign your name)

Print or type your full name here →_____

_____
Address
_____
City                    State              Zip

Cellular telephone number: _____

Identify the month and year that you obtained the cellular number.

_____
Month            Year

**THIS CLAIM FORM MUST BE MAILED TO KCC BY [INSERT DATE] AT:**

KCC
PO Box 43501
Providence RI 02940-3501