UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD MOLINARI, on behalf of himself and a class of similarly situated individuals,<br><br>    Plaintiff,<br><br>    v.<br><br>FINANCIAL ASSET MANAGEMENT SYSTEMS, INC.,<br><br>    Defendant. | 18-cv-01526<br><br>Honorable Judge Sara L. Ellis |

**FINAL ORDER AND JUDGMENT**

The above-captioned matter (the "Lawsuit") having come before the Court on Plaintiff's unopposed Motion For Final Approval of Class Action Settlement, the Court grants the relief sought and enters a Final order and Judgment approving the Class Action Settlement Agreement and in support states the following:

**Introduction**

1. The Court has jurisdiction over the subject matter of the Lawsuit and all settling parties hereto. After arms-length negotiations, on or about November 12, 2021, Plaintiff and Defendant (collectively as "the Parties") signed a Class Action Settlement Agreement (hereinafter the "Agreement").

2. Thereafter, on November 12, 2021, the Parties filed the Agreement, together with their Joint Motion for Preliminary Approval of Class Action Settlement Agreement (hereinafter referred to as the "Preliminary Approval Motion") and Plaintiff's Memorandum of Law in Support. Dkt. 125 & 126.

3. Within ten days of filing the proposed settlement, the Parties complied with the notice requirements of the Class Action Fairness Act ("CAFA"). See, 28 U.S.C. § 1715.

1

See, Dkt. 130-1, Declaration of Janeth Antonio, submitted by the Claims Administrator, ¶¶2-3. The Administrator has reported that none of the officials served by the CAFA Notice contacted the Administrator. *Id.*

4. The Court entertained the Parties' Preliminary Approval Motion and on November 22, 2021, the Court entered an Order Conditionally Certifying Class and Granting Preliminary Approval of Settlement (hereinafter referred to as the "Conditional Certification Order") pursuant to FED. R. CIV. P. 23(b)(3). Dkt. 128.

5. Pursuant to the Conditional Certification Order, the Court, among other things, (i) preliminarily certified (for settlement purposes) a class of consumers (hereinafter referred to as the "Class Members") with respect to certain TCPA and FDCPA claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement; (iii) appointed Plaintiff Richard Molinari as the Class Representative; (iv) appointed James C. Vlahakis as Class Counsel; (v) approved of the form of notice sent to putative class members; and (vi) set the date and time of the Final Fairness Hearing (March 16, 2022). Dkt. 128, pp. 10-15. Due to a scheduling conflict, the Final Fairness Hearing was moved to March 23, 2022 at 9:45 AM. Dkt. 132.

6. The Parties now seek final approval of the proposed class action settlement. The Court has read and considered the Agreement, Final Approval Motion, and the record. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

**Summary of Notice, Exclusions and Objections**

7. Pursuant to FED. R. CIV. P. 23(b)(3), 23(c)(2)(B) and 23(e), the Court's Conditional Certification Order approved that Notice would be transmitted by a third-party claims administrator (the "Administrator") to Class Members by and through text message and postcard where both forms of notice contained a link to a long-form Notice.

Class Members without access to the internet were informed that they could write to the Administrator to obtain a long-form Notice.

8.  The Court's Conditional Certification Order found that method and form of notice was appropriate and comported with due process.

9.  According to the Declaration submitted by the Claims Administrator, notice was sent to 1,419 Class Members via text messages and by way of direct mailing to 1,382 Class Members. *See*, Dkt. 130-1, Antonio Declaration at ¶¶5-9. No text-based notices were returned as undeliverable. *Id.* at ¶9. The Administrator reported that 259 postcard based notices were returned as undeliverable and the Administrator re-issued Notice to Twenty-four (24) Class Members. *Id.* at ¶8. This resulted in a total of 1,147 postcard based notices that were mailed to Class Members and not returned as undeliverable.

10. The Administrator created and maintained a settlement website, www.FAMStextmessageclassaction.com (the "Website") for the purpose of providing information to the Class Members and to answer frequently asked questions. Dkt. 130-1 at ¶10. The Website URL was set forth in the Postcard Notice, Long Form Notice, Claim Form, Opt-Out Form, and Text Campaign. *Id.* Visitors of the Website were entitled to download copies of the Notice, Claim Form, and other case-related documents. *Id.* Visitors could also submit claims online or opt-out. *Id.* As of March 1, 2022, the Administrator reported that there have been 396 users, 566 sessions/hits (active visits to the Website), and 2,262 page views of the Website. *Id.* The Administrator also maintained a dedicated toll-free number to answer questions from Class Members. *Id.* at ¶11.

11. No Class Members made requests for exclusion and no Class Members objected to the settlement. *See*, Antonio Declaration at ¶13.

12. Seventy-nine (79) timely and valid claim forms were submitted by Class Members. Dkt. 130-1, Antonio Declaration at ¶12. Six (6) late, but valid claim forms were also submitted, for a total of eighty-five (85) valid claim forms. *Id.* Plaintiff has asked the court to grant leave to accept six (6) late claims. Dkt. 130, ¶34. Defendant does not oppose this request. Dkt. 131. The Court finds that this request is reasonable and grants the relief requested.

13. <u>The number of valid claim forms (85) results in a claim rate of just over 7.4% when compared to the total of postcard notices (1,147) that were successfully mailed. When compared to the total number of text messages sent (1,419), the claims rate is just over 6%</u>. The Court finds that this claim rate is close to, on par with and/or exceeds other court approved TCPA class actions. *See, e.g., In re Capital One*, 80 F. Supp. 3d 781, 786 (N.D. Ill. 2015) (approving a TCPA settlement with a 7.87% claim rate), *Bayat v. Bank of the West*, 2015 U.S. Dist. LEXIS 50416, *15, 2015 WL 1744342, at *6 (N.D. Cal. Apr. 15, 2015) (approving a TCPA settlement with a 1.9% claim rate); *Lee v. Global Tel\*Link Corp.*, 2018 U.S. Dist. LEXIS 163410, * 21, 2018 WL 4625677 (C.D. Cal. Sept. 24, 2018) (approving a TCPA class action where the 1.8% claim rate fell below the projected rate of 5%).

14. The Administrator has preliminarily calculated the Class Member settlement awards. Dkt. 130-1, Antonio Declaration at ¶15. The Court understands that the Administrator's calculations are based on the assumptions that the gross settlement amount is $385,000 and from that amount, deductions are made for: (a) attorneys' fees ($127,050); and (b) named plaintiff awards ($14,450). Pursuant to the terms of the Agreement, the Court understands that the remaining amount, $243,500 (the "Net Settlement Fund"), will be allocated pursuant to those Class Members preliminarily approved for payment. *Id.*

15. The Agreement provides that the FDCPA class shares $10,000 of the Net Settlement Fund, which is to be allocated on a pro rata basis to class members who have submitted a valid claim. Dkt. 130-1, Antonio Declaration at ¶15.

16. By accepting the six (6) late but otherwise valid claims, each FDCPA class member will receive approximately $434.72 (as their pro-rata share) and each TCPA class member will receive approximately $263.54 *for each* successfully delivered pre-recorded message from the remaining Net Settlement Fund ($233,500). Dkt. 130-1, Antonio Declaration at ¶15.

17. Based upon the proposed Net Settlement Fund of $243,500, the Court determines that these proposed payouts are fair and reasonable. *See, e.g.,* Kolinek v. Walgreen Co., 311 F.R.D. 483, 494-95 (N.D. Ill. Nov. 23, 2015)(approving a TCPA class action involving a $30 payout).

18. For these reasons, the Court finds that the proposed Class Action Settlement Agreement satisfies the applicable prerequisites for class action treatment and that the Agreement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members.

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

**A.     FINAL APPROVAL**.

The Court finds that the Lawsuit and Agreement satisfy the applicable prerequisites for class action treatment set forth by FED. R. CIV. P. 23(a) and 23(b), and specifically finds that:

   i. the Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

   ii. there are questions of law and fact common to the Class Members, which predominate over any individual questions;

    iii.    the claims of the Plaintiffs are typical of the claims of the Class Members;

    iv.    the Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members;

    v.    Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy;

    vi.    that terms and conditions set forth in the Agreement and as set forth herein, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiff's alleged claims; the strength of Defendant's alleged defenses; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; and the fact that Defendant has agreed to pay statutory damages to Class Members resulting from alleged violations where the prospect of Class Members prevailing at trail was not assured.

    **B.**    **RELIEF TO CLASS MEMBERS AND RELEASE OF CLAIMS.**

The Agreement is fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class in light of complexity, expense, and duration of the litigation and the risks involved in establishing liability and damages and maintaining the class action through trial and appeal. The Court finds that Notice was appropriate and enters this Final Approval Order certifying as a class action on behalf of the following two classes:

> **TCPA Class**
> All persons who were sent pre-recorded messages to Illinois

based cellular telephone numbers according to the records maintained by Defendant and its Vendor VoApps, Inc. (between November 17, 2015 and December 4, 2017) where the pre-recorded messages were "successfully" delivered in an attempt to collect a consumer debt.

and

**FDCPA Class**
All persons who were sent pre-recorded messages to Illinois based cellular telephone numbers according to the records maintained by Defendant and its Vendor VoApps, Inc. (between December 4, 2016 and December 4, 2017) where the pre-recorded messages were "successfully" delivered in an attempt to collect a consumer debt where the pre-recorded messages utilized Defendant's truncated name, "FAMS" rather than its full legal name.

**C.** This order is binding on all Class Members, as not individual Class Members excluded themselves from the Class.

**D.** Upon the Effective Date of the Agreement, Plaintiff and Settlement Class Members by operation of this Final Judgement shall be fully bound by the release set forth in the Parties' Agreement and are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any Released Claim under the Parties' Agreement.

**E.** This Order, the Agreement, and the existence and nature of the Settlement are not, and shall not be construed as, an admission by Defendants of any liability or wrongdoing in this or in any other proceeding.

**F.** **DISTRIBUTION OF FUNDS**.

All distribution checks to the Class will expire after forty-five (45) days.

Additionally, as set forth by Footnote 3 of Plaintiffs' Motion (Dkt. 130) and Defendant's non-opposition (Dkt. 131), the Parties agree that distribution payments of this nature are considered tax reportable to the IRS. Plaintiff's Motion further indicates that Class Members whose distribution payments exceed the reportable threshold of

7

$600 will be notified that they will be required to submit a Form W9 to the Administrator. Dkt. See also, Dkt. 130-1, Antonio Declaration at ¶16[1].

Plaintiff's Motion asked that the proceeds of any uncashed distribution checks should be tendered to the Loyola University of Chicago Community Law Center ("LUCCLC")[2] as opposed to having the sum of the uncashed checks be redistributed to class members on a pro-rata basis. Dkt. 130, ¶ 38. In proposing this relief, Plaintiff' Motion stated that it would be would be economical to distribute uncashed settlement funds to LUCCLC, as opposed to undertaking additional time and expense of having a second found of settlement checks distributed to class members. *Id.*

In light of the relatively high amount of compensation that will be distributed to Class Members and in light of the *additional* costs of a second distribution of potential funds resulting from uncashed checks, the Court agrees that it would be more economical to distribute any remaining funds to LUCCLC. Class Counsel shall submit a report to this Court within 10 days of the expiration of the distribution checks to account for the funds (if any) that will be tendered to LUCCLC.

G. **RELIEF TO CLASS REPRESENTATIVE RICHARD MOLINARI.**

Consistent with the Court's Conditional Certification Order, and as authorized by FED. R. CIV. P. 23(a)(4), 23(c) and 23(e), the Court finds that:

    i. no objections were submitted by Class Members relative to the adequacy of Mr. Molinari's role as the putative Class Representative;

---

[1] A draft W9 letter was attached to Ms. Antonio's Declaration as Exhibit H.

[2] LUCCLC "serves clients whose main source of income is public assistance or Supplemental Security Income as well as those classified as the 'working poor,' who are people struggling to meet their obligations even though they have jobs." www.luc.edu/law/academics/clinical-programs/communitylawcenterclinic/ "Since its founding, [LUCCLC] has represented more than 3000 individuals while providing students with the opportunity to serve real clients with real problems." *Id.*

    ii.    Richard Molinari has adequately served as Class Representative and awards Mr. Molinari an incentive award of $14,500 for his services as Class Representative; and

    iii.    Mr. Molinari's service award shall be paid out of the Gross Settlement Fund as set forth by the terms of the Agreement.

**H.**     <u>**RELIEF TO CLASS COUNSEL (ATTORNEY JAMES C. VLAHAKIS).**</u>

Consistent with the Court's Conditional Certification Order, and as authorized by FED. R. CIV. P. 23(a)(4), 23(c) and 23(e), the Court finds as follows:

    i.    On January 1, 2021, Mr. Vlahakis filed a Motion to Approve Class Counsel's Attorney's Fee and Expense Application. Dkt. 129;

    ii.    No objections were submitted by Class Members;

    iii.    the Court grants final approval to the appointment of James C. Vlahakis as class counsel; and

    iv.    Mr. Vlahakis is entitled to $127,050 to compensate him for his reasonably incurred legal fees and recoverable costs. In total, the fees and costs awarded to Mr. Vlahakis amount to 33% of the Gross Settlement Funds and shall be paid out of the Gross Settlement Fund as set forth by the terms of the Agreement.

**I.**     <u>**DISMISSAL WITH PREJUDICE**</u>.

This Action is dismissed with prejudice as to all other issues and as to all parties and claims. Without affecting the finality of this Final Judgment for purposes of appeal, the Court retains jurisdiction as to all matters related to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Final Judgment, and or any other necessary purpose. IT IS SO ORDERED.

Dated: April 8, 2022.

_____
HON. SARA L. ELLIS
UNITED STATES DISTRICT JUDGE